**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUL 1 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JUDITH B. BRANNEN )
3425 Bowie Road )
Golden Valley, AZ 86413 )
) CASE NUMBER 1:05CV01420
Plaintiff, )
v. ) JUDGE: Ricardo M. Urbina
)
NATIONAL RAILROAD PASSENGER, ) DECK TYPE: Personal Injury/Malpractice
CORPORATION d/b/a Amtrak )
Secretary of Amtrak ) DATE STAMP: 07/19/2005
60 Massachusetts Avenue, NE )
Washington, D.C. 20002 )
)
   Serve: C T Corporation System )
   1015 15th Street, N.W. # 1000 )
   Washington, DC 20005 )
)
       and )
)
CSX CORPORATION )
500 Water Street )
Jacksonville, FL 32202 )
)
   Serve: See Reg. Agent Above )
)
       and )
) PLAINTIFF DEMANDS
CSX TRANSPORTATION INC. ) A TRIAL BY JURY
500 Water Street )
Jacksonville, FL 32202 )
)
   Serve: See Reg. Agent Above )
)
       Defendants. )
)

JURY ACTION

## COMPLAINT FOR DAMAGES

Plaintiff Judith B. Brannen, by and through her undersigned attorneys, Nicholas Gilman of Gilman & Associates, respectfully alleges that:

## JURISDICTION

1. Jurisdiction over this claim exists pursuant to 28 U.S.C. § 1332, in that complete diversity exists and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. Alternatively and contemporaneously, original jurisdiction is proper in the United States District Court pursuant to 28 U.S.C § 1331, as National Railroad Passenger Corporation (AMTRAK) is incorporated as a congressional corporation, and pursuant to 28 U.S.C. § 1367, in that the claims against the CSX defendants are so related to the Court's original jurisdiction that they form part of the same case in controversy under Article II of the United States Constitution.

## VENUE

3. That venue is proper in Washington, D.C. pursuant to 28 U.S.C.A. § 1391, in that the defendants conduct substantial business in the District of Columbia, thus availing themselves of the rights and responsibilities associated with conducting business as passenger and freight carriers and owners, operators, and users of railroad lines and tracks in the District of Columbia.

2

**THE PARTIES**

4. Plaintiff Judith B. Brannen is a resident and citizen of the State of Arizona. That Defendant, National Railroad Passenger Corp., d/b/a AMTRAK (hereinafter "AMTRAK"), is and was at all times relevant hereto a corporation, incorporated under the laws of the District of Columbia, registered to do business and having its principal place of business in Washington, D.C., and is a citizen of a state other than the State of Arizona, having an agent or representative at 60 Massachusetts Avenue, N.E., Washington D.C. 20002, and is engaged in owning and operating a fleet of passenger trains and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through and among various and several states of the United States and the District of Columbia.

5. That Defendant CSX Transportation, Inc. (hereinafter "CSX, Trans"), is and was at all times relevant hereto a corporation, incorporated under the laws of the State of Maryland, registered to do business and having its principal place of business at 500 Water Street, Jacksonville, FL 32202, with an agent or representative at that address, is a citizen of a state other than the State of Arizona, and is engaged in owning, maintaining, and operating a rail system or line, or both, and a system of railroads and rail properties as a

common carrier of goods for hire in interstate commerce and transportation in, through and among various and several states of the United States and the District of Columbia.

6. That Defendant CSX Corporation (hereinafter "CSX, Corp."), is and was at all times relevant hereto a corporation, incorporated under the laws of the State of Virginia, registered to do business and having its principal place of business at 500 Water Street, Jacksonville, FL 32202, with an agent or representative at that address, is a citizen of a state other than the State of Arizona, and is engaged in owning, maintaining and operating a rail system or line and a system of railroads and rail properties as a common carrier of goods for hire in interstate commerce and transportation in, through, and among various and several states of the United States and the District of Columbia.

7. Defendant, CSX Trans is and was at all times relevant hereto a subsidiary, core, or principle business unit, or any or all of those entities, of defendant CSX, Corp.

### GENERAL ALLEGATIONS

8. On or about July 29, 2002, the plaintiff Brannen was a ticketed and fare paying passenger, lawfully aboard the Amtrak Capitol Limited train (hereafter also, the "CL" train) en route from Chicago, Illinois to Washington, D.C.

4

9. On and prior to July 29, 2002, the Defendants CSX corp. and CSX Trans (hereafter collectively "CSX" or "CSX defendants") owned, operated, controlled, maintained, and inspected certain tracks, rails or railroad tracks (hereinafter "track or tracks") within the State of Maryland, including a section of track located in or about Kensington, Maryland between mileposts 11.5 and 11.8.

10. On or about July 25, 2002, the defendant, CSX, assigned a track surfacing team to smooth the track profile on tracks in or about Kensington, Maryland between mileposts 11.5 and 11.8.

11. On and prior to July 29, 2002, defendant Amtrak, in its business of providing passenger transportation to the public, operated the CL train on track owned, operated, controlled, maintained, and inspected by the CSX defendants in the State of Maryland including the track in or about Kensington, Maryland between mileposts 11.5 and 11.8.

12. On or about July 29, 2002, defendant Amtrak operated a regularly scheduled passenger train known as Capitol Limited (CL) train number 30 originating in Chicago, Illinois with an intended final destination of Union Station, Washington, D.C.

13. On or about July 29, 2002, defendant Amtrak controlled, maintained, operated and owned that CL train.

14. On or about July 29, 2002, defendant Amtrak operated the CL train on track in or about Kensington, Maryland between mileposts 11.5 and 11.8.

15. On or about July 29, 2002, at approximately 1:15 p.m. the CL train derailed in or about Kensington, Maryland at or near milepost 11.78.

16. On or about July 29, 2002, as a direct and proximate result of the derailment of the CL train, plaintiff Brannen sustained severe and permanent injuries, pain and suffering, distress and impairment when she was ejected from the CL passenger car in which she was riding.

17. Plaintiff's severe and permanent injuries and other damages were proximately caused by the defective, dangerous, hazardous and unstable condition of the track in or about Kensington, Maryland between mileposts 11.5 and 11.8 created as a result of the careless, reckless, negligent, grossly negligent, and unlawful conduct of the agents, servants, workmen and employees of AMTRAK and the CSX defendants which led to the derailment of the CL train on or about July 29, 2002.

18. The defendants knew or should have known of the unstable condition of the rail track that existed in or about Kensington, Maryland between mileposts 11.5 and 11.8 on or about July 29, 2002.

6

19. The defendant, Amtrak, had a non-delegable duty to plaintiff Brannen on July 29, 2002 to assure that the CL train did not travel on defective, dangerous, hazardous and unstable tracks.

## COUNT I

### AMTRAK's Negligence

20. Plaintiff Brannen hereby incorporates by reference paragraphs 4 through 19 of the Complaint as if they were fully set forth herein.

21. At all times material hereto, defendant Amtrak, owed a duty to all passengers aboard the CL train to operate and control the CL train while exercising that degree of care that was reasonable under the circumstances.

22. The negligent, careless, reckless, and unlawful conduct of defendant Amtrak, by and/or through its agents, servants, workmen and/or employees, consisted of, but was not limited to, the following acts and omissions:

   a. failing to know or otherwise exercise reasonable care to discover the defective, dangerous, hazardous and unstable condition of the track in and around Kensington, Maryland, and otherwise to discover that this condition presented an unreasonable risk of harm to the passengers such as plaintiff Brannen aboard the Amtrak CL train; negligently, carelessly, recklessly and unlawfully permitting its CL train

7

to be operated while the track was in a defective dangerous, hazardous and unstable condition.

  b. failing to exercise reasonable care to protect Amtrak passengers such as plaintiff Brannen against the defects, hazards and dangers of that track in its dangerous condition;

  c. failing to provide plaintiff Brannen with safe passage to her destination, Union Station, Washington, DC;

  d. failing to use reasonable care properly to inspect the tracks and the track profile upon which its CL train would be operated to ensure the safety of its passengers such as plaintiff Brannen;

  e. failing to protect and return plaintiff Brannen's personal property after the train wreck;

  f. otherwise failing to exercise reasonable and proper care in conduct and operation of AMTRAK CL train on July 29, 2002;

23. As a direct and proximate result of the negligence, carelessness, recklessness and unlawful conduct of defendant Amtrak, as more fully set forth above, plaintiff Brannen was ejected from an Amtrak CL passenger car causing her to suffer serious and permanent injuries, pain and suffering, distress and other injuries and damages.

24. As a direct and proximate result of her severe and permanent injuries on AMTRAK's Capitol Limited on July 29, 2002, plaintiff Brannen, through no fault of her own, is entitled as against defendant AMTRAK to recover compensatory damages for pain, suffering, fear, anxiety, mental anguish, maiming, disability, humiliation, disfigurement, past and future lost wages and income, lost earning capacity, past and future medical and related expenses, loss of enjoyment of life, and other compensatory damages.

## COUNT II

### Negligence of CSX Defendants

25. Plaintiff Brannen hereby incorporates by reference paragraphs 4 through 24 of the Complaint as if they were fully set forth herein.

26. At all times herein relevant, it was the duty of the defendant, CSX, to exercise in the ownership, maintenance, operation, inspection, and control of its railroad tracks, including those in or near Kensington, Maryland between mileposts 11.5 and 11.8, that degree of care that was reasonable under the circumstances so as not to cause injury to passengers aboard AMTRAK's CL train and to comply with their own practices and procedures and federal rules and regulations.

27. The CSX defendants breached their duty of care to the plaintiff, through their negligent, careless, reckless, grossly negligent and unlawful failure to exercise reasonable care.

28. Furthermore, the CSX defendants failed to comply with their own practices and procedures and pertinent federal rules and regulations.

29. As a direct and proximate result of the negligence, carelessness, recklessness and unlawful conduct of the CSX defendants, as more fully set forth above, plaintiff Brannen, was ejected from an Amtrak CL passenger car causing her to suffer serious and permanent injuries, pain and suffering, distress and other injuries and damages.

30. As a direct and proximate result of her severe and permanent injuries on AMTRAK's Capitol Limited on July 29, 2002 while travelling on CSX tracks, plaintiff Brannen, through no fault of her own, is entitled as against defendant AMTRAK to recover compensatory damages for pain, suffering, fear, anxiety, mental anguish, maiming, disability, humiliation, disfigurement, past and future lost wages and income, lost earning capacity, past and future medical and related expenses, loss of enjoyment of life, and other compensatory damages.

## COUNT III

**Punitive Damages Against the CSX Defendants**

31. Plaintiff Brannen hereby incorporates by reference paragraphs 4 through 30 of the Complaint as if they were fully set forth herein.

32. It was the duty of the CSX defendants, to refrain from acts of gross negligence, reckless indifference and willful and wanton disregard for the safety of plaintiff Brannen in its ownership, operation, maintenance, inspection, and control of the railroad tracks located in or about Kensington, Maryland between mileposts 11.5 and 11.8.

33. Notwithstanding that aforesaid duty, the CSX defendants breached their duty to the passengers aboard the Amtrak CL train; they intentionally, recklessly and with wilful and wanton disregard for the safety of plaintiff Brannen acted in the following manner:

  a. CSX failed to tamp the ballast properly and adequately and to accomplish a proper run-off on or about July 25, 2002, when working on the track located in or about Kensington, Maryland between mileposts 11.5 and 11.8., which lead to an unstable track profile and condition and a derailment on or about July 29, 2002;

  b. they failed to supervise properly their surfacing team that worked on the tracks located in or about

11

Kensington, Maryland between mileposts 11.5 and 11.8. on or about July 25, 2002;

c. they also failed properly to supervise their surfacing team assigned to resurface the CSX tracks located in or about Kensington, Maryland between mileposts 11.5 and 11.8 on or about July 25, 2002 resulted in the use of an unqualified inspector and track foremen, contrary to CSX and federal practices, procedures, rules and regulations, who was supervising the track maintenance performed, and the improperly inspected and supervised work resulted in the derailment on or about July 29, 2002, of the Amtrak CL train that caused plaintiff's injuries;

d. CSX knew that the work performed on the track located in or about Kensington, Maryland between mileposts 11.5 and 11.8 on or about July 25, 2002, was incomplete and potentially hazardous; and

e. CSX knowingly permitted the issuance of an incorrect "slow order" that indicated, erroneously, with reckless indifference, and in wilful and wanton disregard for plaintiff's safety, that the work performed on track or railroad track located in or about Kensington, Maryland between mileposts 11.5 and 11.8 was complete and that only compaction by train traffic was needed to return the track or railroad track to fully operational status.

34. As a direct and proximate result of the CSX defendants, intentional, reckless and wilful and wanton misconduct, the Amtrak CL train was caused to and did derail, causing the plaintiff Brannen to be ejected from an Amtrak CL passenger car resulting in serious and permanent injuries, pain and suffering, distress and other injuries and damages.

35. As a result of her serious and permanent injuries and the intentional, reckless and wilful and wanton disregard for plaintiff's safety, plaintiff Brannen demands exemplary or punitive damages in an amount to be determined by the finder of fact that will fairly punish the CSX defendants for their conduct and deter them from engaging in such conduct in the future.

WHEREFORE, plaintiff Brannen, demands judgment against the all the defendants for compensatory damages in the amount of $7,500,000 plus pre- and post judgment interest, costs and such other, further and different relief from all the defendants as the Court may deem just and proper, and further demands exemplary or punitive damages against the CSX defendants in an amount that will fairly punish them for their conduct and deter them from engaging in such conduct in the future.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiff Brannen demands a trial by jury as to all claims in this complaint.

Dated: July 19, 2005

Nicholas Gilman, #177725
John Green, #476592
GILMAN & ASSOCIATES
600 Pennsylvania Ave., SE
Suite 410
Washington, D.C. 20003
(202) 547-9080

Attorneys for Plaintiff