IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **JUDITH B. BRANNEN**<br><br>    *Plaintiff,*<br><br>v.<br><br>**NATIONAL RAILROAD PASSENGER.,**<br>**CORPORATION,**<br>**CSX CORPORATION**<br>**CSX TRANSPORTATION, INC.**<br><br>    *Defendants.* | Case No.: **05CV01420**<br>Judge Ricardo M. Urbina |

### ANSWER OF NATIONAL RAILROAD PASSENGER CORPORATION, CSX CORPORATION, CSX TRANSPORTATION, INC.

**COMES NOW**, Defendants National Railroad Corporation, CSX Corporation and CSX Transportation, Inc., by there undersigned counsel, Whiteford, Taylor & Preston, L.L.P., Answers the Complaint and states as follows:

1. In response to paragraph 1, Defendants note that the paragraph contains only legal assertions to which no response is required, but Defendants admit that Plaintiff contend that jurisdiction exists.

2. In response to paragraph 2, Defendants note that the paragraph contains only legal assertions to which no response is required, but Defendants admit that Plaintiff contend that jurisdiction exists. Further answering, it is admitted that Amtrak is incorporated by federal law.

3. In response to paragraph 3, Defendants submit that paragraph 3 contains legal assertions to which no response is required. Further answering, Defendants submit that the Federal Court in Washington, D.C. is not the appropriate venue for this claim, as the accident

happened in Maryland and the Plaintiff is not a resident of the District of Columbia. Defendants have simultaneously filed a Motion to Transfer.

4. Defendant is without sufficient information to admit or deny the first sentence of paragraph 4. The second sentence of paragraph 4 is denied as phrased. Further answering, it is admitted that Amtrak is incorporated under federal law and that it is engaged in the operation of passenger trains as a common carrier.

5. Denied as phrased. Further answering, CSX Transportation Inc. is an interstate rail carrier incorporated under the laws of the state of Virginia and has its principal place of business in Jacksonville, Florida.

6. Denied as phrased. Further answering, it is admitted that CSX Corporation is incorporated under the laws of Virginia and has its principal place of business in Jacksonville, Florida. CSX Corporation is a publicly traded holding company.

7. Denied as phrased. Further answering, it is admitted that CSX Transportation Inc. is a wholly owned subsidiary of CSX Corporation.

8. Defendant is without sufficient knowledge at this time to admit or deny the allegations contained in paragraph 8.

9. Admitted as to CSX Transportation Inc. Denied as to CSX Corporation.

10. Admitted as to CSX Transportation Inc. Denied as to CSX Corporation.

11. Admitted as to Amtrak and CSX Transportation Inc. Denied as to CSX Corporation.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Denied.

17. Denied.

18. Denied.

19. Paragraph 19 contains legal assertions to which no response is required.

20. Defendants incorporate by reference the responses to paragraphs 4-19 as if fully set forth herein.

21. Paragraph 21 contains legal assertions, to which no response is required.

22. Denied.

23. Denied.

24. Denied.

25. Defendants incorporate by reference the responses to paragraphs 4-24 of the Complaint as if fully set forth herein.

26. Paragraph 26 contains legal assertions to which no response is required.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Defendants incorporate by reference the responses to paragraphs 4-30 of the Complaint as if fully set forth herein.

32. Paragraph 32 contains legal assertions to which no response is required.

33. Denied.

34. Denied.

35. Denied.

**Further Defenses**

1. The Plaintiff's complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's injuries and damages were not caused by the negligence of the defendants, their officers, agents or employees.

3. Defendants raise the defense of contributory negligence.

4. Plaintiff has failed to mitigate her damages.

5. Any allegations not specifically admitted are denied.

6. Defendants deny liability for punitive damages.

7. Plaintiff's claimed damages were the result of other forces or the actions of others for which these Defendants are not responsible.

8. Any claimed negligence of the Defendants was not the proximate cause of Plaintiff's injuries.

9. Plaintiff's claims may be barred by the doctrines of waiver and estoppel.

10. Plaintiff's claims are limited by applicable law, including M.d. Code Ann., Cts. & Jud. Proc.§ 11-108.

11. Defendants reserves the right to raise any defense in law or fact which may be available.

**WHEREFORE**, the premises considered, Defendants respectfully request that the Court dismiss Plaintiff's claim with prejudice and with all costs.

...

Respectfully submitted,

/s/ *John J. Hathway*
John J. Hathway, Esq. (#412664)
Stephen B. Caplis, Esq. (#452991)
Jennifer S. Jackman, Esq. (#466922)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW,
Washington, DC  20036-5405
(202) 659-6800
***Attorney for Defendant,***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of August, 2005, a copy of the foregoing Answer to Complaint was mailed first class, postage prepaid to:

Nicholas Gilman, Esq.
John Green, Esq.
Gilman & Associates
600 Pennsylvania Avenue, SE
Suite 410
Washington, DC  20003

/s/ *John J. Hathway*
John J. Hathway

*176813*