**IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA
Civil Division**

| | |
|---|---|
| **JUDITH B. BRANNEN**<br><br>     *Plaintiff,*<br><br>v.<br><br>**NATIONAL RAILROAD PASSENGER.,<br>CORPORATION,<br>CSX CORPORATION<br>CSX TRANSPORTATION, INC.**<br><br>     *Defendants.* | Case No.: **05CV01420**<br>Judge Ricardo M. Urbina |

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS TO DISMISS
## COUNT III – PUNITIVE DAMAGES

Defendants, CSX Corporation and CSX Transportation, Inc., by their undersigned counsel, Whiteford, Taylor & Preston, L.L.P., and pursuant to Fed. Rules Civ. 12(b) (6) and (c) hereby move for judgment on the pleadings to dismiss the claims for punitive damages and for reasons state as follows:

1.   This case arises out of a derailment in Kensington, Maryland on July 29, 2002 involving Amtrak's train number 30, the Capitol Limited. The derailment is thought to have occurred due to a track misalignment. The track misalignment is thought to have been caused by track instability in the area of the derailment after a track surfacing team had performed work on the track in that area.

2.   Plaintiff has not alleged that the CSX Defendants' conduct allegedly causing the Plaintiff's injuries was characterized by actual malice, evil motive, or ill will or that CSX intended to derail the Capitol Limited train or to harm the Plaintiff in any way. E.g., Complaint at paragraphs 32-34. Rather, what Plaintiff alleges is that the CSX Defendants acts constituted

"gross negligence, reckless indifference and willful and wanton disregard for the safety of the Plaintiff. . ." See ¶ 32.

    3.    This is a diversity tort action, governed by the substantive law of Maryland, where the accident occurred, where the Plaintiff's injuries occurred, and where the conduct causing the injuries occurred. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. St. 817 (1938). See *District of Columbia v. Coleman*, 667 A2.d 811, 816 (D.C. App. 1995). Maryland law provides unambiguously that punitive damages may only be awarded in cases where the tortfeasor causes an injury with actual malice, characterized by evil motive, intent to injure, or ill will, so as to cause the claimed injury. *Komornik v. Sparks*, 331 M.D. 720, 629 A2.d 721 (1993); *Owens-Illinois v. Zenabia,* 325 M.d. 420, 601 A2.d 633 (1992). Neither willfull nor reckless nor grossly negligent conduct is enough. Id.

    4.    Because Plaintiff has failed to allege any facts establishing that the CSX Defendants' conduct was characterized by actual malice, evil motive, intent to injure, or ill will, under applicable law Plaintiff's Count III – Punitive Damages should be dismissed with prejudice.

    **WHEREFORE**, Defendants respectfully requests the Court enter judgment on the pleadings, or in the alternative, pursuant to Rule 56, for summary judgment to dismiss Plaintiff's claims for punitive damages with prejudice.

    Respectfully submitted,

    _/s/ *John J. Hathway*_
John J. Hathway, Esq. (#412664)
Stephen B. Caplis, Esq. (#452991)
Jennifer S. Jackman, Esq. (#466922)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW, Ste. 400
Washington, DC 20036-5405
(202) 659-6800

*Attorney for Defendants,*
*National Railroad Corporation, CSX*
*Corporation and CSX Transportation, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of August, 2005, a copy of the foregoing was mailed first class, postage prepaid to:

> Nicholas Gilman, Esq.
> John Green, Esq.
> Gilman & Associates
> 600 Pennsylvania Avenue, SE
> Suite 410
> Washington, DC  20003

   /s/ *John J. Hathway*
John J. Hathway