UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
                                    )
**JUDITH B. BRANNEN**,               )
                                    )
        Plaintiff,              )
v.                                  ) Case No. 1:05cv01420
                                    ) Judge: Ricardo M. Urbina
**NATIONAL RAILROAD PASSENGER**     )
**CORPORATION d/b/a Amtrak,**       )
**CSX CORPORATION, and**            )
**CSX TRANSPORTATION INC.**,        )
                                    )
        Defendants.             )
_____)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS
<u>TO DISMISS COUNT III - PUNITIVE DAMAGES</u>**

    Plaintiff Judith B. Brannen, by and through her undersigned attorneys, opposes defendants' motion for judgment on the pleadings to dismiss Count III, the punitive damages count, of her Complaint. In support of her opposition, plaintiff states as follows:

    Defendants' motion asks the Court to dismiss plaintiffs' punitive damages count on the pleadings.[1]  In their motion, defendants contend that (1) plaintiff has failed to allege a claim for punitive damages and (2) the punitive damages claim in

---

[1] As an alternative request, defendants move for partial summary judgment pursuant to Rule 56, Fed.R.Civ.Pro. However, defendants have submitted no evidence, whatsoever, in support of a Rule 56 motion, and such a motion at this initial, pre-discovery stage in the litigation would be premature.

this cause of action is automatically governed by the substantive law of Maryland merely because the injury was sustained there. We submit that neither contention is correct and defendants motion to dismiss should be denied.

## FACTUAL BACKGROUND

Plaintiff's claims grow out of a train derailment on Amtrak's Capitol Limited on July 29, 2002. Plaintiff's contract of carriage was for rail transportation from Chicago to Union Station, Washington, DC. The derailment occurred on CSX Transportation's Metropolitan Subdivision of the Baltimore Service Lane on No. 1 main track on mile 11.78 in Kensington, Maryland just north of the District of Columbia. During the train derailment, plaintiff was thrown from the car she was riding in and suffered severe head and back injuries. CSX Transportation, a wholly owned subsidiary of CSX Corporation, failed to repair the track properly, submitted an incorrect slow-order code that caused the operator to exceed a safe speed on the track, and had inadequate oversight over its track maintenance work.

## PERTINENT ALLEGATIONS IN PLAINTIFF'S COMPLAINT AND ADMISSIONS IN DEFENDANTS' ANSWER

Plaintiff is a resident and citizen of the State of Arizona, and she alleges that she was a passenger injured on the Capitol

Limited on July 29, 2002, and that her final destination was supposed to be Union Station in Washington, DC.  Defendants CSX Transportation Inc. and CSX Corporation (hereinafter "CSX" or "CSX defendants") are incorporated in Virginia with their principal places of business in Jacksonville, Florida.  Plaintiff alleges in Count III, inter alia, that the CSX defendants "breached their duty to the passengers aboard the Amtrak CL [Capitol Limited] train; they intentionally, recklessly and with wilful and wanton disregard for the safety of plaintiff Brannen" failed to repair the track properly, submitted an incorrect slow-order code, and had inadequate oversight over its track maintenance work.  Complaint, para. 33 at 11-12.  Plaintiff further alleges injuries caused by CSX's "intentional, reckless and wilful and wanton disregard for plaintiff's safety . . .." Complaint, para. 35 at 13.

## ARGUMENT

Plaintiff's claims for relief are pleaded pursuant to Rule 8, Fed.R.Civ.Pro.  Rule 8 establishes notice pleading that requires a short and plain statement of the claim(s) showing that the pleader is entitled to relief.  Rule 8(a)(2), Fed.R.Civ.Pro. Plaintiff's factual allegations must be treated as true.  Sparrow v. U.S., 342 U.S.App.D.C. 268, 274, 216 F.3d 1111, 1117 (2000), and plaintiff is entitled to the benefit of all inferences that

can be derived from the facts alleged. Schumer v. U.S., 199 U.S.App.D.C. 23, 26, 617 F.2d 605, 608 (1979); Sparrow v. United Airlines, Inc., 342 U.S. App. D.C. at 271, 216 F.3d at 1114.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(e)(1) states that "each averment of a pleading shall be simple, concise, and direct, and no technical forms of pleading or motions are required;" Rule 8(f) instructs that "all pleadings shall be so construed as to do substantial justice." Sparrow v. United Airlines, Inc., 342 U.S.App.D.C. at 271, 216 F.3d at 1114. "In Conley v. Gibson, 311 U.S. at 47-48, the Supreme Court interpreted these rules to mean that

> the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.... Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues."

342 U.S.App.D.C. at 271, 216 F.3d at 1114. These Rules have reject the approach that pleading is a game of skill in which one

-4-

misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. Conley v. Gibson, 355 U.S. at 48.

Plaintiff has alleged in her Complaint that CSX acted intentionally, recklessly and with wilful and wanton disregard for her safety. Plaintiff also alleges that CSX knew that its repairs and road bed to be traveled by Amtrak and other carriers were incomplete and potentially hazardous and issued a "slow-order"[2] in wilful and wanton disregard for plaintiff's safety. Even if it is assumed that Maryland's substantive law of punitive damages would apply, plaintiff has provided sufficient and fair notice for a claim of punitive damages under Maryland law.

Defendants cite Komornik v. Sparks, 629 A.2d 721 (MD 1993) as authority for its claim that plaintiff's failure to plead "actual malice" or its equivalents requires that her punitive claim be dismissed. However, the Komornik decision does not require such wording and specifically states that it used actual malice "as a shorthand method of referring to conduct characterized by evil motive, intent to injure, ill will or fraud." Id., at 724. We submit that a knowing and intentional

---

[2] The slow-order was for a much higher speed than warranted by the true condition of the rail bed.

disregard for plaintiff's safety is tantamount to actual malice, ill will and evil motive.

Furthermore, in situations where a product is involved, the <u>Komornik</u> decision recognizes that there may be no intent for a perpetrator to harm a particular person. <u>Id.</u>  For situations where a defective product or condition is involved, the <u>Komornik</u> court, citing <u>Owens-Illinois v. Zenobia</u>, 601 A.2d 633, 653 (1992), stated:

> We believe that in products liability cases the equivalent of the "evil motive," "intent to defraud," or "intent to injure," which generally characterizes "actual malice," is actual knowledge of the defect and deliberate disregard of the consequences.  Therefore, in order for actual malice to be found in product liability cases, regardless of whether the cause of action for compensatory damages is based on negligence or strict liability, the plaintiff must prove (1) actual knowledge of the defect on the part of the defendant, and (2) the defendant's conscious or deliberate disregard of the foreseeable harm resulting from the defect.

<u>Kormornik</u>, 629 A.2d at 726.

Plaintiff has alleged punitive damages against CSX, not against Amtrak, and it was the condition of CSX's road bed and rails that were a proximate cause of the train derailment and ultimately of plaintiff's injuries.  On these facts, CSX relinquished use of the tracks to Amtrak, and where the supplier relinquishes control with actual knowledge of the defect and conscious or deliberate disregard of the foreseeable harm, the

supplier, in this case CSX, acts with "actual malice." Id., at 727. Even assuming for the sake of argument that the Maryland substantive law of punitive damages does apply, plaintiff has given the defendants fair notice of a punitive damages claim.

It is premature to assign to Maryland substantive law plaintiff's punitive damages claim against CSX. Maryland was merely one of many jurisdictions traversed by the Capitol Limited on July 29, 2002 and only one of a number of interested jurisdictions; choosing Maryland law merely because of its fortuity as the place of the injury is contrary to the "governmental interest" analysis used in this forum.[3] Hercules & Co. v. Shama Restaurant, 566 A.2d 31, 40-42 (D.C.Ct.App. 1989), see generally, In re Air Crash Disaster at Washington, D.C. on January 13, 1983, 559 F.Supp. 333 (D.D.C. 1983).

Since jurisdiction of the instant action is based on state law, a federal court sitting in diversity must apply the choice of law rules of the forum in which it sits, in this case the District of Columbia. Keene Corp. v. Insurance Co. of America, 597 F.Supp. 934, 937-38 (D.D.C. 1984). This jurisdiction's

---

[3] Maryland's adherence to the rule of lex loci delicti or law of the place of injury has no bearing in the instant action on choice of law matters to be determined by this court pursuant to its diversity jurisdiction. Klaxon Co. v. Stentor Electic Manufacturing Co., 313 U.S. 487, 496-97 (1941); Keene Corp. v. Insurance Co. of America, 597 F.Supp. 934, 937-38(D.D.C. 1984).

"governmental interest" approach employs several steps; first, a court must determine which States have an interest in the controversy and second, from those States found to have a conflicting interest, which State's policy would be advanced by application of the law. Id., at 938. "The state with the 'most significant relationship' should also be that whose policy would be advanced by application of the law, i.e., the state with the greatest interest in applying its law to the issue." Id.

The issue here is punitive damages. Issues involving compensatory damages differ from those involved in punitive damages, and the place where the injury occurred and where the parties' relationship is centered do not claim as great an interest in a punitive damages issue as in other tort-related claims. Id.

Before one can say with authority what jurisdiction's substantive punitive damages law would apply to this cause of action, a full choice of law analysis based on District of Columbia choice of law rules must be undertaken. In re Korean Air Lines Disaster of September 1, 1983, 289 U.S.App.D.C. 391, 412, 932 F.2d 1475, 1496 (1991). That cannot be done until discovery provides answers to such issues as where the decisions were made that lead to the misconduct of the CSX defendants,

whether those interested jurisdictions have a conflicting interest, and which jurisdiction's policy would be advanced by application of its punitive damages law.  No such analysis has or can be made at this stage in the litigation.

WHEREFORE, it is respectfully submitted that Defendants' Motion for Judgment on the Pleadings to Dismiss Count III - Punitive Damages should be denied.

Dated: August 19, 2005

                                                      _____
Nicholas Gilman, #177725
John M. Green, #476592
GILMAN & ASSOCIATES
600 Pennsylvania Ave., S.E., #410
Washington, DC 20003

Attorneys for Plaintiff