## IN THE UNITED STATES DISTRICT COURT
## OF THE DISTRICT OF COLUMBIA
### Civil Division

**JUDITH B. BRANNEN**

      *Plaintiff,*

v.

**NATIONAL RAILROAD PASSENGER.,**
**CORPORATION,**
**CSX CORPORATION**
**CSX TRANSPORTATION, INC.**

      *Defendants.*

Case No.:  **05CV01420**
Judge Ricardo M. Urbina

### DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO TRANSFER

      Defendants, National Railroad Passenger Corporation ("AMTRAK"), CSX Corporation and CSX Transportation, Inc., by their undersigned counsel, Whiteford, Taylor & Preston, L.L.P., reply to Plaintiff's Opposition to Defendants' transfer motion and state as follows:

      Currently there are three cases pending before Judge Chasanow in the United States District Court for the District of Maryland arising out of the same train derailment that is the subject of this litigation.  The fact that there is related litigation in the Maryland Court is a key factor in the forums non conveniens analysis that weighs heavily in favor of transferring this case to Maryland.  Additionally, since the allegedly negligent conduct, accident and injuries all occurred in Maryland, Maryland has the greater interest hearing this matter and more familiarity with the laws that will apply.

      Section 1404(a) vests discretion in the federal district courts to transfer an action to a district in which the action might have been brought if the court determines that "the convenience of parties and witnesses" and "the interests of justice" warrant transfer.  See 28

U.S.C. §1404 (a); *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). "The undisputed goal of Section 1404(a) 'is to prevent waste of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense". *Coultman v. Nat'l R Passenger Corp.,* 857 F.Supp. 231, 232-233 (E.D.N.Y. 1994) citing *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964).

28 U.S.C. 1404(a) allows district courts to adjudicate motions to transfer based upon case by case considerations of convenience and fairness. *Sheldon v. National R Passenger Corp.*, 355 F.Supp. 2d 174 (D.D.C. 2004). The Court must balance the private interests of the plaintiff, in its choice of forum, with the public interest of having local controversies decided locally. *Id*. Private considerations include the plaintiff's choice of forum, the defendant's choice of forum, whether the claim arose elsewhere, the convenience of the parties, the convenience of the witnesses, and the ease of access to sources of proof. *Id.* Public interest considerations include the transferee court's familiarity with the governing laws, the relative congestion of the calendars of the courts, and the local interest in deciding local controversies at home. *Id.*

While it is the moving party's burden to demonstrate that the "balance of convenience of the parties and witness and the interest of justice are in [its] favor" the Court has broad discretion to determine where the proper balance lies.[1] *Chung v. Chrysler Corporation*, 903 F.Supp. 160 (D.D.C. 1995) quoting *Armco Steel Co., L.P. v. CSX Corp*., 790 F.Supp. 311, 323 (D.D.C. 1991)(quoting *Consolidated Metal Products, Inc. v. American Petroleum Institute*, 569 F.Supp. 773, 774 (D.D.C. 1983)).

---

[1] The initial question to be addressed in evaluating motions to transfer is whether the action could have been brought in the proposed transferee jurisdiction. *Sheldon*, supra. There is no disputing the fact that this case could have been brought in Maryland. See Plaintiff's Opposition, p. 4.

## I.    CONVENIENCE OF THE PARTIES AND WITNESSES

This case should be transferred to Maryland as the majority of the witnesses are located in Maryland.  The accident at issue occurred in Maryland.  The allegedly negligent conduct occurred in Maryland.[2] Plaintiff's injuries and initial treatment occurred in Maryland.  It goes without saying that the majority of the witnesses in this case are located in Maryland.  The CSX rail facility (and its employees) overseeing the repairs on the area of track involved in the derailment is located in Point of Rocks, Maryland.  Accordingly, contrary to Plaintiff's suggestion that discovery documents will primarily come Florida, it is likely that most of the documents are in Maryland - - at the Point of Rocks facility. The emergency crews that responded to the derailment are located in Maryland.  Regarding the parties, with the exception of Amtrak, none of the parties are domiciled in the District of Columbia.

Very little deference should be given to Plaintiff's choice of the District of Columbia as the forum venue.  Although a plaintiff's choice of forum is accorded substantial deference in venue analysis, substantially less deference is warranted when the forum preferred by the plaintiff is not her home forum and when the forum has no factual nexus in the case.  *Pyrocap Int'l Corp. v. Ford Motor Co.*, 258 F.Supp. 2d 92, 95 (D.D.C. 2003) citing *Gemological Inst. Of Am., Inc. v. Thi-Dai Phan*, 145 F.Supp. 2d 68, 71 (D.D.C. 2001); *DeLoach v. Philip Morris Cos*., 132 F.Supp. 2d 22, 24 (D.D.C. 2000). In this case, the District of Columbia is not Plaintiff's home forum and the District of Columbia has no factual nexus to the case.  Accordingly, substantially less deference should be given to Plaintiff's choice of forum.  *Id.*

Regarding the availability of the compulsory process for the attendance of witnesses, Maryland has greater subpoena power over prospective witnesses than the District of Columbia.

---

[2] Plaintiff goes to great lengths to specifically detail the allegedly negligent conduct at issue - - that all occurred in Maryland.

As explained above, the majority of the witnesses are in Maryland.  While the District of Columbia has subpoena power over Maryland residents located within 100 miles from the District of Columbia, it has no power over witnesses located in Maryland at a distance greater than 100 miles from the District.  On the other hand, Maryland has subpoena power over all residents within the state of Maryland, regardless of whether they are located more than 100 miles from the Court, as well as all witnesses in the District of Columbia (if any).  <u>See</u> F.R.C.P. 45(b)(2).[3]

Plaintiff's argument that the District of Columbia Court is just as convenient to Maryland witnesses as the Greenbelt Court misses the mark. While the two locations may only be 14 miles from each other - - there is a considerable difference in terms of traveling to the two locations. Most witnesses will be required to travel during the height of rush hour to attend depositions and trial.  Travel costs will be much lower in Maryland (where parking is free and adjacent to the courthouse) than in the District of Columbia.  Certainly there is a vast difference between driving to Greenbelt and driving to the District of Columbia during rush hour.  While many CSX witnesses may report to the Point of Rocks location, it is likely that they commute from various locations throughout the state of Maryland.

## II.    THE INTERESTS OF JUSTICE

The "interests of justice" analysis relates to the efficient functioning of the courts.  *Coffet v. Van Dorn Iron Works*, 796 F.2d 217 (7th Cir. 1986). Factors traditionally considered in this analysis include:  (1) the existence of related litigation pending in another district; (2) the district where the litigants are most likely to receive a speedy trial; (3) the district most familiar with

---

[3] Federal Rule of Civil Procedure 45(b)(2) provides that a subpoena may be served at any place within the district of the court by which it issued.  Maryland constitutes one judicial district comprising two divisions.  <u>See</u> 28 U.S.C. §100.  Accordingly, a subpoena issued by the United States District Court for the District of Maryland has power over any witness located in Maryland, regardless of whether they are within 100 miles from the courthouse.

applicable law; (4) the district which could best apply community standards; (5) the district where consolidation is feasible; and (6) the local interest in having localized controversies decided at home. *Id*. See also *Gulf Oil v. Gilbert*, 330 U.S. 501 (1947). Application of these standards compels the conclusion that the "interest of justice" supports the transfer of this case to Maryland.

      1.    <u>There is Pending Related Litigation in Maryland.</u>

The interests of justice require this case to be transferred to Maryland. Currently, there are three other cases pending in the United States District Court for the District of Maryland arising out of the same derailment that is at issue in this case. See Docket Sheets for *Yoder Harris v. Amtrak; Daniel v. National Railroad Passenger Corp.*, and *Henderson v. National Railroad Passenger Corp.* attached as **Exhibit 1**. Each one of those cases has been specifically assigned to Judge Deborah K. Chasanow. Additionally, there is one case pending in the United States District Court for the District of Maryland's Northern Division that will likely be transferred to the Southern Division to be handled by Judge Chasanow. See Docket Sheet for *Roth v. CSX, Corp.*, attached as **Exhibit 2.**

The *Daniel* case, which arises out of same train derailment at issue in this case, was initially filed by Plaintiff Daniel in this Court and subsequently transferred to the United States District Court for the District of Maryland. In the *Daniel* case, like in this case, there was no connection to the District of Columbia and this Court transferred the case to Maryland upon Defendant's motion.[4]  Although the Plaintiff in *Daniel* did not oppose the motion, Judge Bates conducted a thorough transfer analysis, holding:

---

[4] Plaintiff's suggestion that Daniel's choice of forum was Maryland is curious. Plaintiff Daniel's choice of forum was the United States District Court for the District of Columbia - - where he initially filed suit. After Defendant filed the motion to transfer, Plaintiff apparently concluded that Maryland was the more appropriate venue and did not oppose the motion.

> There is no question that this action arises entirely from a
> July 29, 2002, train derailment in Kensington, Maryland,
> having no connection whatsoever with the District of
> Columbia.
>
> *       *       *
>
> Given the connection of the events and witnesses to
> Maryland, and the absence of any connection with the
> District of Columbia, it is apparent that this case should be
> transferred to the District of Maryland "[f]or the
> convenience of the parties and witnesses, in the interest of
> justice". . . Discovery, trial preparation and trial would all
> proceed more efficiently in Maryland, where the events
> occurred and the witnesses are located . . . Although
> Plaintiff's choice of forum is entitled to some weight, it is
> given less deference when (as here) the chosen forum is not
> the plaintiff's home forum.

See Memorandum Opinion and Order attached as **Exhibit 3**.

This case should be transferred to Maryland, where four other lawsuits arising out of the

same set of facts are currently pending. The Supreme Court has noted that

> To permit a situation in which two cases involving
> precisely the same issues are simultaneously pending in
> different District Courts leads to the wastefulness of time,
> energy and money that §1404 was designed to prevent.
> *Continental Grain Co., v. The FBL-585*, 364 U.S. 19, 26
> (1960).

"Transfer is particularly appropriate where, as here, 'there is a pending lawsuit in the

transferee district involving the same facts, transactions, or occurrences'". *Coultman v. Nat'l R*

*Passenger Corp.*, 857 F.Supp. 231, 235 (E.D.N.Y. 1994) citing *Nieves v, American Airlines*, 700

F. Supp. 769, 773 (S.D.N.Y. 1988). If the matter is transferred, it will allow the parties and the

Court to save time and money on pretrial discovery and motions. Certainly, all cases will

involve the same nexus of witnesses. If the matter is transferred, witnesses may only be

subjected to one deposition, as opposed to several duplicitous depositions. Furthermore, pretrial

6

motions will likely involve the same issues of fact and law which would be most efficiently decided by one judge as opposed to several judges who may render potential inconsistent decisions.

This case is analogous to the *Coultman* case. *Id.* The *Coultman* case involved a train derailment occurring in a state different from the forum state: the derailment occurred in Virginia and the plaintiff filed suit in New York. At the time suit was filed, a consolidated action involving fifty-one separate personal injury claims arising out of the derailment was pending in the Easter District of Virginia. The Plaintiff in *Coultman* was a 77 year old women suffering from several disabling ailments and lived in New York - - the forum she selected which was more convenient for her.[5] Nonetheless, the Court transferred the case to Virginia, reasoning that the court favors resolution of related claims in the same forum to "promote efficient conduct of pretrial discovery, to save witnesses time and money in both trial and pretrial proceedings, and to avoid duplicative litigation and inconsistent results". *Coultman* at 235 citing *Nieves v. American Airlines*, 700 F.Supp. 769, 773 (S.D.N.Y. 1988).

### 2.    The Average Time From Filing To Trial Is Less In Maryland.

Plaintiff's Exhibit C attached to her Opposition to Motion to Transfer provides the case statistics for the federal courts in Maryland and in the District of Columbia. According to Plaintiff's Exhibit, the average time from filing to trial for civil matters in the District of Columbia in 2004 was 27.4 months. In 2004 in Maryland, the average time was 25.5 months. This difference is not very significant but still weighs in favor of Maryland. Of more significance, however, are the number of cases that were at least three years old in the two jurisdictions. Plaintiff's Exhibit C provides that in 2004, the District of Columbia had 408 cases that were over three years old while Maryland had only 210 such cases.

---

[5] Plaintiff's choice of venue is much less compelling in this case - - Plaintiff does not live in Washington, D.C.

3.    Maryland Courts Are More Familiar With Maryland Law.

Maryland courts are more familiar with Maryland law. Plaintiff concedes that the Maryland law on negligence would apply.[6] Maryland law on punitive damages should apply as well, as more fully explained in Defendant's Motion to Dismiss Punitive Damages Claim and Defendant's Reply since the conduct and the injury occurred in Maryland. Because a substantial portion of the law to be applied in this case is Maryland, the case should be transferred to Maryland.

4.    Maryland Courts Can Apply Community Standards.

Maryland courts would be better able to apply their local community standards. The accident occurred in Maryland. The conduct occurred in Maryland. Plaintiff's injuries occurred in Maryland as did the emergency treatment that was rendered. The witnesses are located in Maryland. Accordingly, the jurisdiction with the greatest interest is Maryland - - and a jury made up of Maryland residents will apply the relevant community standards.

5.    Consolidation is Feasible in Maryland.

Currently, there are three suits pending in the federal court in Maryland that have been assigned to Judge Chasanow arising out of the same derailment. A fourth case will likely be transferred to Judge Chasanow. Defendants are unaware of any lawsuits arising out of the Kensington derailment that are currently pending in the District of Columbia courts. Accordingly, the District of Columbia is not in a position to consolidate the cases. The only Court that is qualified to consolidate these cases is Maryland. Thus, unless this matter is transferred to the District of Maryland, there is no possibility for consolidation.

---

[6] See Opposition to Motion to Transfer, p. 10.

6.    <u>The Local Interest is With Maryland</u>.

The local interest in hearing this case lies with Maryland. The derailment occurred in Maryland not in the District of Columbia. The injuries occurred in Maryland. The allegedly negligent conduct occurred in Maryland. Maryland has the greater interest in hearing the matter.

After consideration of the relevant factors in the interest of justice analysis, it is clear that this case should be transferred to Maryland.

## III.    TRAIN DERAILMENT CASES ARE ROUTINELY TRANSFERRED TO THE SITE OF THE ACCIDENT.

In cases involving train derailments, the courts routinely transfer the cases to the location of the train derailment. <u>See</u> <u>eg</u>. *Sheldon v. National R Passenger Corp*., 355 F.Supp. 2d 174 (D.D.C. 2004); *Fenwick v. National R. Passenger Corp*., 1991 U.S. Dist. LEXIS 16544 (D.D.C. Nov. 20, 1991); *AT&T v. Bethlehem Steel Corp*., 2001 U.S. Dist. LEXIS 9759 (S.D.N.Y. July 16, 2001)(case transferred to jurisdiction where derailment occurred where the cast majority of party and non-party witnesses, including experts who cleaned up at the site live and/or work); *Widmer v. The Atchison & Santa Fe Railway Co.*, 1990 U.S. Dist. LEXIS 14804 (E.D.Pa. Nov. 5, 1990)(Court transferred to jurisdiction where derailment occurred noting that "the derailment of several railroad cars allegedly because of the negligence of persons employed and based" in that jurisdiction "would surely be of greater concern and interest to residents" of that jurisdiction); *Cole Business Furniture v. Atchison, Topeka & Sante Fe Railway Co.,* 1988 U.S. Dist. LEXIS 84 (S.D. N.Y. Jan. 11, 1988)(Court granted transfer motion to jurisdiction where derailment occurred).

In *Sheldon*, the Plaintiffs were riding a train from Florida to Virginia which derailed/crashed in Florida. Plaintiffs, who were dual residents of Canada and Florida, filed the lawsuit in the District of Columbia. None of the allegedly negligent conduct occurred in the

District of Columbia.  The *Sheldon* Court gave the plaintiffs' choice of forum diminished consideration because the District of Columbia had no meaningful ties to the controversy and no particular interest in the subject matter.  *Id*.  The Court noted that the entire claim arose in Florida and transferred the case to Florida - - the site of the accident.  *Id*.

In *Fenwick v. National R. Passenger Corp*., 1991 U.S. Dist. LEXIS 16544 (D.D.C. Nov. 20, 1991), this Court considered a similar motion to transfer involving a train derailment.  In *Fenwick*, the only tie to the District of Columbia was that Defendant, Amtrak, was incorporated, and maintained its corporate headquarters in the District.  The Defendant in *Fenwick* moved to transfer the case to the Eastern District of Virginia - - the jurisdiction where the train accident occurred.  The Court granted the motion to transfer holding that the Eastern District of Virginia was the location of the alleged negligence, a location where the Defendant was licensed to do business, the location where the "crucial" witnesses lived and worked and the location where the critical records were located.  The Court found that the interest of the public would be greatly served by transferring the case.  *Id*.

## IV.   CONCLUSION

This case should be transferred to Maryland - - the location of the derailment.  Three cases arising out of the same train derailment are currently pending before Judge Chasanow - - and a fourth is likely on its way.  Furthermore, the majority of the witnesses are located in Maryland - - not the District of Columbia.  The District of Columbia has no interest and no ties in this litigation - - other than its tie to Defendant Amtrak.  The convenience of the parties and the interests of justice require this case to be transferred to the more convenient forum - - Maryland.

**WHEREFORE**, the premises considered, Defendants respectfully request that this civil action be transferred to the United States District Court for the District of Maryland, and for any other relief the Court deems appropriate.

Respectfully submitted,

/s/ *John J. Hathway*
John J. Hathway. (#412664)
Stephen B. Caplis (#452991)
Jennifer S. Jackman (#466922)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW, #400
Washington, DC  20036-5405
(202) 659-6800

*Attorney for Defendants,*
*CSX Corporation and CSX*
*Transportation, Inc.*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of August, 2005, a copy of the foregoing was mailed first class, postage prepaid to:

Nicholas Gilman, Esq.
John Green, Esq.
Gilman & Associates
600 Pennsylvania Avenue, SE
Suite 410
Washington, DC  20003


/s/ *John J. Hathway*
John J. Hathway

177765