**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| JUDITH B. BRANNEN, | : | | |
| | : | | |
| Plaintiff, | : | | |
| | : | | |
| v. | : | Case No.: | 05-1420 (RMU) |
| | : | | |
| NATIONAL RAILROAD PASSENGER, | : | Document No.: | 9 |
| CORPORATION d/b/a AMTRAK, | : | | |
| | : | | |
| CSX CORPORATION, | : | | |
| | : | | |
| and | : | | |
| | : | | |
| CSX TRANSPORTATION INC., | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

**GRANTING THE DEFENDANTS' MOTION TO TRANSFER**

**I.  INTRODUCTION**

The plaintiff, Judith B. Brannen, brings suit against the defendants, National Railroad

Passenger Corporation ("Amtrak"), CSX Corporation, and CSX Transportation, Inc. ("CSX

Transportation"), alleging negligence and seeking punitive damages.  In response, the defendants

move to transfer the action to the District of Maryland.  Because the plaintiff originally could

have brought this case in Maryland, and because considerations of convenience and the interest

of justice weigh in favor of the transfer, the court grants the defendants' motion and transfers this

action to the District of Maryland.

## II.  BACKGROUND

### A.  Factual Background

Amtrak is incorporated under federal law and is engaged in the operation of passenger trains as a common carrier.  Compl. ¶ 4.  CSX Transportation is an interstate rail carrier incorporated under the laws of the state of Virginia and has its principal place of business in Jacksonville, Florida.  *Id.* ¶ 5.  CSX Corporation is a publicly traded holding company incorporated under the laws of Virginia and has its principal place of business in Jacksonville, Florida.  *Id.* ¶ 6.  CSX Transportation is a subsidiary of CSX Corporation.  *Id.* ¶ 7.

The plaintiff is domiciled in the state of Arizona.  *Id.* ¶ 1.  On July 29, 2002, the plaintiff traveled aboard the Amtrak Capitol Limited ("CL") train en route from Chicago, Illinois to Washington, D.C.  *Id.* ¶ 8.  Defendant Amtrak controlled, maintained, operated, and owned that train.  *Id.*  On July 29, 2002, at approximately 1:15 p.m., the CL train derailed in Kensington, Maryland.  *Id.* ¶ 15.  The plaintiff alleges that she sustained severe and permanent injuries, pain and suffering, and distress and impairment as a result of the derailment.  *Id.* ¶ 16.

### B.  Procedural History

On July 19, 2005, the plaintiff filed suit in this court alleging negligence and seeking punitive damages.  Compl. ¶¶ 20-35.  In August 2005, the defendants moved for a judgment on the pleadings to dismiss the plaintiff's count on punitive damages and thereafter moved to transfer the action to the District of Maryland.  The court now turns to the defendants' motion to transfer.

## III. ANALYSIS

### A.  Legal Standard for Venue under 28 U.S.C. § 1391(a) and Transfer Pursuant to U.S.C. § 1404(a)

When federal jurisdiction is premised solely on diversity, 28 U.S.C. § 1391(a) controls

venue, establishing that venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the
> same State, (2) a judicial district in which a substantial part of the events or
> omissions giving rise to the claim occurred, or a substantial part of property that is
> the subject of the action is situated, or (3) a judicial district in which any
> defendant is subject to personal jurisdiction at the time the action is commenced,
> if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

In an action where venue is proper, 28 U.S.C. § 1404(a) nonetheless authorizes a court to

transfer a civil action to any other district where it could have been brought "for the convenience

of parties and witnesses, in the interest of justice[.]"  28 U.S.C. § 1404(a).  Section 1404(a) vests

"discretion in the district court to adjudicate motions to transfer according to [an] individualized,

case-by-case consideration of convenience and fairness."  *Stewart Org., Inc. v. Ricoh Corp.*, 487

U.S. 22, 27 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  Under this

statute, the moving party bears the burden of establishing that transfer is proper.  *Trout Unlimited*

*v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996).

Accordingly, the defendants must make two showings to justify transfer.  First, the

defendants must establish that the plaintiff originally could have brought the action in the

proposed transferee district.  *Van Dusen*, 376 U.S. at 622.  Second, the defendants must

demonstrate that considerations of convenience and the interest of justice weigh in favor of

transfer to that district.  *Trout Unlimited*, 944 F. Supp. at 16.

3

As to the second showing, the statute calls on the court to weigh a number of case-specific private and public-interest factors. *Stewart Org.*, 487 U.S. at 29. The private-interest considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Trout Unlimited*, 944 F. Supp. at 16 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1129 (N.D. Ill. 1989); 15 FED. PRAC. & PROC. § 3848). The public-interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Id.*

### B.  The Plaintiff Could Have Brought this Action in the District of Maryland

The defendants move to transfer this case to the United States District Court for the District of Maryland, arguing that "the plaintiff's claims do not have any connection with the District of Columbia," and that the relevant documents and witnesses are located in the state of Maryland. Defs.' Mot. to Transfer ("Defs.' Mot.") ¶¶ 3, 4. The plaintiff in the instant suit could have originally brought this action in Maryland. 28 U.S.C. § 1404(a); *see also Van Dusen*, 376 U.S. at 622. Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of action is situated." 28 U.S.C. § 1391(a). Here, the train derailment took place in the state of Maryland. Compl. ¶ 15. Moreover, the parties do not dispute that the plaintiff could have

brought this suit in Maryland.  Pl.'s Opp'n to Defs.' Mot. to Transfer ("Pl.'s Opp'n") at 4.  The

court, therefore, concludes that venue is proper in the District of Maryland.

**C.  Considerations of Convenience and the Interest of Justice Weigh in Favor of Transfer**

Because the parties could have brought this action in Maryland, the court's next inquiry is

to determine whether the defendants have shown that the balance of the private and public-

interest factors weighs in favor of transfer to that forum.  *Van Dusen*, 376 U.S. at 613; *Trout*

*Unlimited*, 944 F. Supp. at 16.  For the reasons that follow, the court determines that the

defendants have shown that the case should be transferred to Maryland.

**1.  Private-Interest Factors**

As previously noted, in weighing the private-interest factors, the court takes into

consideration: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3)

whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the

witnesses; and (6) the ease of access to sources of proof.  *Trout Unlimited*, 944 F. Supp. at 16.

The court addresses each of these factors in turn.

**a.  The Plaintiff's Choice of Forum**

With regard to the first factor, the court affords some deference to the plaintiff's choice of

forum.  *Air Line Pilots Ass'n v. Eastern Air Lines*, 672 F. Supp. 525, 526 (D.D.C. 1987).

Although the court gives "deference to the plaintiff's choice, it need give substantially less

deference when the forum preferred by the plaintiff is not his home forum."  *Boers v. United*

*States*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001) (citing *Piper Aircraft v. Reyno,* 454 U.S. 235, 255-

56 (1981)).  Here, the plaintiff's home forum is Arizona, Compl. ¶ 4, and she brought the action

in this court.  While the plaintiff argues that she could not have brought this action in Arizona for lack of personal jurisdiction, Pl.'s Opp'n at 3 n.4., the plaintiff fails to give a reason why the court should defer to her choice of forum as if it were her home forum.

Moreover, deference to the plaintiff's choice of forum is mitigated where the plaintiff's choice of forum has "no meaningful ties to the controversy and no particular interest in the parties or subject matter."  *Chung v. Chrysler Corp.*, 903 F. Supp. 160, 165 (D.D.C. 1995).  The defendants argue that the plaintiff's claims do not have any connection with the District of Columbia because all of the events giving rise to the litigation occurred in Maryland, not the District of Columbia.  Defs.' Mot. ¶ 1.  More specifically, the defendants argue that the allegedly negligent conduct occurred in Maryland, and that the plaintiff's injuries and initial treatment occurred in Maryland.  Defs.' Mot. at 3.  While the plaintiff argues that the train was en route to the District of Columbia, Pl.'s Opp'n at 9, the events surrounding the accident lack a meaningful connection to the District of Columbia.  Because the District of Columbia is not the plaintiff's home forum and lacks meaningful ties to the controversy, the court affords little deference to the plaintiff's choice of forum.  *Chung,* 903 F. Supp. at 165; *see also Kafack v. Primerica Life Ins. Co.,* 934 F. Supp. 3, 6-7 (D.D.C. 1996) (finding no meaningful ties to the District of Columbia where the "material events that constitute the factual predicate for the plaintiff's claims" occurred in Maryland).

### b.  The Defendants' Choice of Forum

With regard to the defendants' choice of forum, the events material to the plaintiff's action occurred in Maryland.  *Shapiro, Lifschitz & Schram, P.C. v. Hazard,* 24 F. Supp. 2d 66, 72

(D.D.C. 1998) (analyzing the defendant's choice of forum in light of the "connections" between the "events underlying the plaintiff's action" and proposed forum). The defendants' contention that substantially all of the documents and witnesses are located in Maryland, Defs.' Mot. ¶ 4, also supports their choice of forum, *Wilderness Soc. v. Babbitt,* 104 F. Supp. 2d 10, 15 (D.D.C. 2000) (giving weight to the defendant's choice of the District of Alaska because the defendant's employees, managers, and policy group members were in Alaska and the disputed policy was drafted and researched in Alaska). Thus, the defendants' choice of forum also favors transfer.

### c. Whether the Claim Arose Elsewhere

As previously noted, the CL train derailed in Kensington, Maryland, and the alleged negligent conduct, as well as the plaintiff's injuries and initial treatment occurred in Maryland. Defs.' Reply at 3. As this is a personal injury claim, "the material events that constitute the factual predicate for the plaintiff's claims" occurred in Maryland. *Kafack,* 934 F. Supp. at 6-7. The third factor, therefore, weighs in favor of transfer.

### d. The Convenience of the Parties

In addressing the convenience of the parties, the court notes that the District of Columbia and the District of Maryland are in close proximity, thereby minimizing any inconvenience to the parties. Indeed, the courthouses are approximately 13 miles away from each other. Pl.'s Opp'n at 3. The defendants, however, assert that it is more difficult and costly to drive and find parking in the District of Columbia. Defs.' Reply at 4. The defendants also argue that the accident occurred in Maryland, and that the CSX rail facility overseeing the repairs on the area of track involved in the derailment is located in Maryland. Defs.' Reply at 3. The plaintiff counters that

defendant Amtrak maintains headquarters less than a mile from this court.  Pl.'s Opp'n at 4.

Because the close proximity of Maryland and the District of Columbia "minimiz[es]

inconvenience to the parties and any witnesses," *Liban v. Churchey Group II, LLC*, 305 F. Supp.

2d 136, 142 (D.D.C. 2004), and because the plaintiff has not pointed to any inconvenience from

litigating this case in Maryland, the court determines that transfer would not be an additional

inconvenience for either party. Accordingly, the court concludes that this factor weighs neither

for nor against transfer.

### e.  Convenience of the Witnesses

As for the convenience of the witnesses, the court considers this factor "only to the extent

that the witnesses may actually be unavailable for trial in one of the fora." *Trout Unlimited,* 944

F. Supp. at 16.  Here, neither side has argued that a witness would be unavailable for trial if the

case is transferred to the District of Maryland.  In fact, the close proximity of Maryland to the

District of Columbia offers firm ground for concluding that a transfer to Maryland would not

adversely affect the availability of witnesses.  *Liban,* 305 F. Supp 2d at 142.  Consequently, the

court determines that this factor weighs in favor of transfer.

### f.  Ease of Access to Sources of the Proof

Finally, with respect to the accessibility of sources of proof, the defendants argue that

most discovery documents and witnesses will come from Maryland.  Defs.' Reply at 3.  The

defendants point out that the CSX rail facility overseeing the repairs on the area of track involved

in the derailment is located in Point of Rocks, Maryland.  *Id.*  The plaintiff, on the other hand,

contends that discovery documents will primarily come from the District of Columbia and

Florida.  Pl.'s Opp'n at 4.  The court is unable to determine with certainty where most discovery will originate.

Of more importance, however, is that if the action is transferred to Maryland, the Maryland court will have subpoena power over all residents within the state of Maryland and the District of Columbia.[1]  This court only has subpoena power of Maryland residents within 100 miles from the District of Columbia.  FED. R. CIV. PRO. 45(b)(2).  While the plaintiff argues that most if not all witnesses will be within the subpoena power of either court, she leaves open the possibility that some witnesses will be beyond this court's subpoena power.  Pl.'s Opp'n at 5. The court, therefore, concludes that the ease of access to sources of the proof favors transferring this civil action to the District of Maryland.

### 2.  Public-Interest Factors

In determining whether the public-interest factors weigh in favor of transfer, the court considers the following factors: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home.  *Trout Unlimited*, 944 F. Supp. at 16. These factors also weigh in favor of transfer.

---

[1]      Federal Rule of Civil Procedure 45(b)(2) provides that "a subpoena may be served at any place within the district of the court by which it issued, or at any place without the district that is within 100 miles."  The state of Maryland constitutes one judicial district.  28 U.S.C. § 100.  Accordingly, a subpoena issued by the Untied States District Court for the District of Maryland has power over all witness in Maryland, regardless of whether they are within 100 miles from the courthouse.  Because the District of Columbia is within 100 miles of the United States District Court for the District of Maryland, that court would also have subpoena power over all witnesses in the District of Columbia.

## a.  Transferee's Familiarity with the Governing Laws

With regard to the transferee's familiarity with the governing laws, the public interest is "best served by having a case decided by the federal court in the state whose laws govern the interests at stake." *Id.* at 19.  This case involves issues of Maryland law.[2]  The District of Maryland is "surely more familiar" than this court with the application of Maryland law.  *Armco Steel Co. v. CSX Corp.*, 790 F. Supp 311, 324 (D.D.C. 1991).  Transfer would therefore promote judicial economy.

Moreover, the defendants note that litigation arising from the same events as this action is pending in the District of Maryland.  Defs.' Reply at 5.  The Supreme Court has stated that to "permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy and money that §1404(a) was designed to prevent."  *Cont'l Grain Co. v. Barge FBL-585,* 364 U.S. 19, 26 (1960).  Here, the District of Maryland not only has more familiarity with its own laws, but also has more

---

[2]        The plaintiff states that "the Maryland law of negligence would probably apply."  Pl.'s Opp'n at 10.  The court concludes that Maryland law would govern the plaintiff's negligence claims. This court has held that "[i]n a diversity action, this Court sitting in the District of Columbia is obligated under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), to apply the choice of law rules prevailing in this jurisdiction."  *Dowd v. Calabrese*, 589 F. Supp. 1206, 1210 (D.D.C. 1984) (applying *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).  The District of Columbia's choice-of-law principles utilize the "'governmental interests analysis, under which [the court] evaluate[s] the governmental policies underlying the applicable laws and determine[s] which jurisdiction's policy would be more advanced by the application of its law to the facts of the case under review."  *Dist. of Columbia v. Coleman*, 667 A.2d 811, 816 (D.C. 1995) (citing *Hercules & Co. v. Shama Rest.*, 566 A.2d 31, 40-41 (D.C. 1989)).  As part of this analysis, the court may look to factors contained within the Restatement (Second) of Conflicts of Laws § 145, including:  "(a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship is centered." *See id.* (citing *Estrada v. Potomac Elec. Power Co.*, 488 A.2d 1359, 1361 n.2 (D.C. 1985)).  Because Maryland is the place where the injury occurred and where the conduct causing the injury occurred, Maryland law applies to the plaintiff's negligence claims.

familiarity with the issues and factual background of this case.  Furthermore, transfer will allow the parties to save time and money on pretrial discovery and motions.  Accordingly, this consideration weighs heavily in favor of transfer.

### b.  Relative Congestion of the Calendars of the Potential Transferee and Transferor Court

Docket congestion is an additional consideration for courts deciding whether to transfer a case.  *SEC v. Savoy Indus, Inc.,* 587 F.2d 1149, 1156 (D.C. Cir. 1978); *Trout Unlimited,* 944 F. Supp. at 16.  While the plaintiff contends that the District of Maryland has more cases per judge than the District of Columbia, Pl.'s Opp'n at 9, the court concludes that transfer would not delay resolution of this case.  Because the case is in its early stages and this court has not familiarized itself with the underlying merits, there would be no delay associated with transfer to the District of Maryland.  *Id.* at 19.

### c.  The Local Interest in Deciding Local Controversies at Home

Finally, the court must consider whether the local interest in deciding local controversies at home favors transfer.  The defendants argue that a Maryland court would better apply their community standards because all events took place in Maryland, and any trial jury will be made up of Maryland residents.  Defs.' Reply at 8.  Although the plaintiff argues that she was en route to Union Station in Washington, D.C., the accident still lacks any meaningful connections to the District of Columbia.  The court concludes that the local interest of the District of Maryland prevails over the local interest of the District of Columbia, and thus supports transfer.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendants' motion to transfer the action to the District of Maryland.  An order directing the parties in a manner consistent with this opinion is separately and contemporaneously issued with this memorandum opinion this 19th day of December 2005.

RICARDO M. URBINA
United States District Judge
